IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH WAYNE KOLB, #06540
    Plaintiff,

vs.                                          Case No. 3:09cv2/WS/EMT

THOMAS SANTURRI, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a state prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 7).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

    Question D of Section IV of the civil rights complaint form asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (Doc. 1 at 6). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.*). Thus, Plaintiff has in effect stated that he has had no actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF**

**PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (Doc. 1 at 8).

Upon review of the file, this court takes judicial notice that as of the date Plaintiff filed his complaint, he had previously filed Kolb v. Chestnut, Case No. 5:99cv317/SPM, in the United States District Court for the Northern District of Florida.[1] In the aforementioned case Plaintiff named several correctional officers as defendants, and it was in the nature of a civil rights action filed pursuant to 42 U.S.C. § 1983. This case was dismissed prior to service.[2] Plaintiff did not list this case in Section IV.D. of his complaint (*see* Doc. 1 at 6), even though it qualified as a federal court action that is responsive to the question and should have been included.

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the *Prison* Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answer, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be

---

[1] According to the docket, the inmate number of the plaintiff in Case No. 5:99cv317/SPM (#069540) is the same as Plaintiff's.

[2] Plaintiff asserted that officers at Washington Correctional Institution harassed and discriminated against him on the basis of his sexual orientation (s*ee* Case No. 5:99cv317/SPM, Doc. 1). The court dismissed the case prior to service on the ground that Plaintiff failed to exhaust his administrative remedies (*id*., Docs. 16, 19).

confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

**DONE AND ORDERED** this <u>17th</u> day of July 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:09cv2/WS/EMT