UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH WAYNE KOLB,

     Plaintiff,

v.                                                                                                        3:09cv2-WS

THOMAS SANTURRI, Circuit Judge,
and EDWIN B. BROWNING, JR., Chief
Judge of Appeals,

     Defendants.

_____

## ORDER OF DISMISSAL

Before the court is the magistrate judge's report and recommendation (doc. 9) docketed July 17, 2009. The magistrate judge recommends that this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious. The recommendation is based on the plaintiff's failure to accurately respond to the question asked in Section IV.D of the civil rights complaint form, namely: "Have you ever had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." The plaintiff failed to identify a case that he filed in federal court in 1999, Kolb v. Chestnut, Case No. 5:99cv317-SPM. The 1999 case was dismissed prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to exhaust administrative remedies. The plaintiff did list in his complaint a case that he filed in 2007, Kolb v. Culpepper, Case No. 5:07cv202-RS. The 2007 case was dismissed without prejudice after the plaintiff failed to file an

amended complaint as directed by the court.

The plaintiff objects to the magistrate judge's report and recommendation in this case.  Doc. 12.  He maintains that his omission of the 1999 case was not intentional, that it was instead the result of faulty memory.  The plaintiff has filed a motion to amend his complaint to include the omitted case.  Doc. 11.

Even if the court were inclined to permit the plaintiff to amend his complaint as requested, amendment would not help the plaintiff because his complaint is otherwise subject to summary dismissal on the merits.  The plaintiff sues two state-court judges, one a trial judge and one an appellate judge, for actions they took in a state court habeas case filed by the plaintiff.  The plaintiff alleges that the state-court trial judge (Santurri) dismissed the plaintiff's petition for writ of habeas corpus with prejudice, without first allowing him an opportunity to amend the petition.  The state-court appellate judge (Browning) affirmed the trial court's dismissal of the petition with prejudice.  Claiming a violation of his procedural due process rights in state court, the plaintiff asks this *federal* court "to issue an order to allow plaintiff to refile his petition [in state court] and for the district [appellate] court to reverse the lower court's order of dismissal with prejudice."  The plaintiff thus asks this court to sit in review of state-court judges' decisions, something this court is without the jurisdiction to do.  See Lance v. Dennis, 546 U.S. 459, 463 (2006) (explaining that under the Rooker-Feldman doctrine, federal district courts are precluded from exercising "appellate jurisdiction" over final state-court judgments); Exxon Mobil Corp. v. Saudi Basic Ind. Corp., 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman doctrine applies to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the

district court proceedings commenced and inviting district court review and rejection of those judgments"); Carey v. Free, 272 Fed. Appx. 875, (11th Cir. 2008) (holding that the Rooker-Feldman doctrine barred the plaintiff-inmate's challenge to the state court's denial of his state habeas corpus petition).

Because this court lacks subject matter jurisdiction over the plaintiff's claims in this case, it is ORDERED:

1. The plaintiff's motion to amend (doc. 11) is DENIED as futile.

2. The plaintiff's complaint, and this action are DISMISSED for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. The clerk shall enter judgment accordingly.

DONE AND ORDERED this \_\_\_21st\_\_\_ day of \_\_\_August\_\_\_, 2009.


s/ William Stafford  
WILLIAM STAFFORD  
SENIOR UNITED STATES DISTRICT JUDGE